Filing # 66256653 E-Filed 01/08/2018 04:51:59 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

UNITE HERE, LOCAL 737, AFL-CIO,

    Plaintiff,

and                                                                              CASE NO.:

WALT DISNEY PARKS AND RESORTS,

    Defendant.
_____/

## COMPLAINT

Plaintiff, UNITE HERE, LOCAL 737, AFL-CIO ("LOCAL 737") alleges as follows:

1. The court has jurisdiction pursuant to Section 301 of the National Labor Relations Act (hereafter referred to as the "NLRA"), as amended, 29 U.S.C. Section 185, and 28 U.S.C. 1331.

2. Plaintiff, LOCAL 737, is a voluntary, unincorporated association and is a labor organization as defined in Section 152(5) of the NLRA, 29 U.S.C. Section 152(5), and Florida Statutes.

3. LOCAL 737 has its principal office at 1255 La Quinta Drive #214, Orlando, FL 32809.

4. Defendant, WALT DISNEY PARKS AND RESORTS U.S., INC. ("DISNEY"), is an employer as defined in Section 152(2) off the NLRA, 29, U.S.C. Section 152(2) and Florida Statutes.

5. DISNEY has its principal office at 1375 Buena Vista Drive, 4th Floor North, Lake Buena Vista, FL, 32830.

6. Venue is appropriate in this Circuit.

**Statement of Facts and Procedural History**

7. Plaintiff LOCAL 737 is an affiliate of a six-member association of unions known as the Service Trade Council Union ("STCU"). LOCAL 737 and the STCU have been certified under the NLRA as the collective bargaining representative as the collective bargaining representative of certain DISNEY employees.

8. On March 30, 2014, plaintiff LOCAL 737 and defendant DISNEY executed and placed into effect a collective bargaining agreement, hereinafter referred to as the "Agreement," covering the period from March 30, 2014 until September 21, 2019 (a true and correct copy of which is incorporated herein by reference and appended hereto as Exhibit A); the Agreement governs the wages, hours and other terms and conditions of employment of the DISNEY employees represented by LOCAL 737 and the STCU.

9. Article 19 of the Agreement establishes a grievance-arbitration procedure to resolve disputes arising under the Agreement.

10. Article 19, Step 4 calls for the issuance of arbitrator "decisions" and arbitrator "awards," but nowhere recognizes preliminary or interim "rulings" of any kind.

11. On or about September 1, 2015, the Union submitted a grievance challenging certain changes to the way DISNEY calculated gratuities for servers at certain restaurants. (the Grievance"). (A true and correct copy of the Grievance is incorporated herein by reference and appended hereto as Exhibit B).

12. The parties mutually selected Ms. Kitty Grubb (the "Arbitrator") to serve as the Arbitrator to resolve the Grievance pursuant to Article 19, Step 4 of the Agreement. On or about October 4, 2016, the Arbitrator conducted a hearing regarding the Grievance.

13. Plaintiff and defendant submitted post-arbitration briefs on arguments and issues on January 20, 2017. (True and correct copies of the parties' respective briefs to the arbitrator are incorporated herein by reference and appended hereto as Composite Exhibits C and D).

14. Nearly nine months after post-hearing briefs were filed, on September 10, 2017, Hurricane Irma made landfall in Southwest Florida.

15. On September 19, 2017, the Arbitrator emailed the parties advising the parties that her home in Seminole, Fl did not have cable or internet service and that her electricity and cell-phone service was "spotty." (a true and correct copy of which is incorporated herein by reference and appended hereto as Exhibit E).

16. On October 9, 2017, the Arbitrator again emailed the parties and stated: "[R]esidents of my County and I still continue to experience just almost *unfathomable delays* in the restoration and continuation/stability of many services." The Arbitrator added that she wanted to provide "the ultimate 'nutshell' ruling, with a Decision to later-follow." (Exhibit E).

17. The Arbitrator's "nutshell ruling" was "that the Union did not carry its burden of proof, and thus, the Grievance is denied." The Arbitrator then cited a portion of Article 5 of the Agreement.

18. The Arbitrator has issued neither an award nor a decision after emailing the parties her "nutshell ruling" on October 9, 2017.

19. Although approximately three (3) months have elapsed since the issuance of the October 9, 2017 so-called "'nutshell' ruling, with a Decision to later-follow," the promised Decision has never issued.

20. Although the Arbitrator has yet to issue the Decision required by the Agreement, the Plaintiff files this complaint to vacate the "nutshell ruling" pursuant to the common law of

collective bargaining agreements, Section 301 of the NLRA, as amended, 29 U.S.C. Section 185, 9 U.S.C. Section 10 of the Federal Arbitration Act, and 682.13, Fla. Stats. (2017).

### COUNT I – VACATION OF ARBITRATION AWARD PURSUANT TO 29 U.S.C. 185

21. Plaintiff re-alleges and incorporates Paragraphs 1 – 20 of the Complaint.

22. The Arbitrator had yet to issue the decision required by the Agreement, and has instead issued only a so-called "'nutshell' ruling" that is neither contemplated nor authorized by the Agreement. Moreover, the Arbitrator has failed to issue the "Decision" promised in her October 9, 2017 email.

23. To the extent the Arbitrator's written emails to the parties – particularly the October 9, 2017 so-called "'nutshell' ruling, with a Decision to later-follow" – are said to comprise a putative arbitration award or decision, these communications do not draw their essence from the Agreement.

24. WHEREFORE, the "'nutshell' ruling," to the extent is construed as some sort of award or decision, should be vacated, and the dispute remanded to a new arbitrator.

### COUNT II – VACATION OF ARBITRATION AWARD PURSUANT TO 9 U.S.C. 10 and 682 FLORIDA STATUTES

25. Plaintiff re-alleges and incorporates Paragraphs 1 – 24 of the Complaint.

26. 9 U.S.C. 10(a)(4) of the Federal Arbitration Act authorizes vacatur of a an arbitration award where the arbitrator exceeds her powers, "or so imperfectly execut[e] them that a mutual, final and definite award upon the subject matter submitted was not made."

27. 682.13 (1)(b)(3) of the Florida Arbitration Code authorizes vacatur where the arbitrator prejudices the rights of a party.

28. Here, the Arbitrator – particularly via the October 9, 2017 so-called "'nutshell' ruling, with a Decision to later-follow, which never issued" – so imperfectly execute her powers that a mutual, final and definite award upon the subject matter submitted was not made, and prejudiced plaintiff's rights.

29. WHEREFORE, the "'nutshell' ruling," to the extent is construed as some sort of award or decision, should be vacated, and the dispute remanded to a new arbitrator.

Dated this 8th day of January, 2018.

/s/ Richard Siwica
Richard Siwica, Esquire
Florida Bar No. 377341
EGAN, LEV & SIWICA, P.A.
Post Office Box 2231
Orlando, Florida 32802
Telephone: (407) 422-1400
Facsimile: (407) 422-3658
Primary Email: rsiwica@eganlev.com
Secondary Email: laguirre@eganlev.com

***Attorney for Plaintiff***
