UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITE HERE, LOCAL 737, AFL-CIO,**

    **Plaintiff,**

v.                                                           Case No: 6:18-cv-833-Orl-41LRH

**WALT DISNEY PARKS AND RESORTS,**

    **Defendant.**

## ORDER

THIS CAUSE is before the Court on Defendant's and Plaintiff's cross Motions for Summary Judgment (Doc. 23, Doc. 25), the corresponding Responses (Doc. 27, Doc. 28), and Defendant's Reply (Doc. 29). For the reasons stated herein, Defendant's Motion for Summary Judgment will be granted, and Plaintiff's Motion for Summary Judgment will be denied.

### I. BACKGROUND

In 2014, the parties executed a collective bargaining agreement ("the Agreement"). (*See generally* Agreement, Doc. 2-2). The Agreement governs wages, hours, and other terms and conditions of employment of Defendant's employees represented by Plaintiff—a labor union. (*See generally id.*; Compl., Doc 2, ¶ 8; Answer, Doc. 5, ¶ 8 (admitting)). The Agreement also established a grievance procedure, including an agreement to arbitrate. (Doc. 2-2 at 38).

In September 2015, Plaintiff submitted a grievance challenging the calculation of gratuities for servers at some of Defendant's restaurants. (Grievance, Doc. 2-3, at 2). Ms. Kitty Grubb was selected as an arbitrator pursuant to the Agreement, and a hearing was held regarding the grievance. (Doc. 2 ¶ 12; Doc. 5 ¶ 12 (admitting)). Before the arbitrator was able to issue a ruling,

Hurricane Irma made landfall. (Doc. 2 ¶ 14; Doc. 5 ¶ 14 (admitting)). As a result of the hurricane, the arbitrator had "spotty" electricity, internet, and cell service for a prolonged period of time, which she informed the parties of via email. (Doc. 2-6 at 3–4).

A few weeks later, the arbitrator again emailed the parties to let them know that she was still experiencing "almost unfathomable delays in the restoration and continuation/stability of many services." (*Id.* at 2). In this email, the arbitrator provided the parties "the ultimate 'nutshell' ruling" of their grievance and indicated that "a Decision" would "later-follow." (*Id.*). The arbitrator stated "[m]y ruling is that the Union did not carry its burden of proof, and thus, the Grievance is denied," followed by a quotation of the Management Rights section of the Agreement. (*Id.*). The arbitrator never issued a subsequent Decision. (Doc. 2 ¶ 18; Doc. 5 ¶ 18 (admitting)).

Subsequently, Plaintiff filed suit against Defendant, seeking vacatur of the arbitration award in two counts. Count I is brought pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Count II is brought pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, and the Revised Florida Arbitration Code ("RFAC"), Fla. Stat. § 682.

## II.   LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.* "The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. of Pub.*

*Educ.*, 495 F.3d 1306, 1313–14 (11th Cir. 2007). Stated differently, the moving party discharges its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

However, once the moving party has discharged its burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation omitted). The nonmoving party may not rely solely on "conclusory allegations without specific supporting facts." *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985). Nevertheless, "[i]f there is a conflict between the parties' allegations or evidence, the [nonmoving] party's evidence is presumed to be true and all reasonable inferences must be drawn in the [nonmoving] party's favor." *Allen*, 495 F.3d at 1314.

### III. ANALYSIS

#### A. Count II

Defendant contends that it is entitled to summary judgment on Count II of the Complaint because the LMRA controls this dispute, not the FAA, and because the LMRA preempts the RFAC. Defendant is correct. First, "the FAA is inapplicable to suits arising out of arbitration under a collective bargaining agreement." *JAX Transit Mgmt. Corp. v. Amalgamated Transit Union Local Div. No. 1197*, 2013 U.S. Dist. LEXIS 114050, at *7 (M.D. Fla. August 13, 2013) (*citing United Steel v. Wise Alloys, LLC*, 642 F.3d 1344 at 1353 n.4 (11th Cir. 2011). Instead, "Section 301 of the LMRA governs suits to enforce or vacate an arbitration award arising out of a collective bargaining agreement." *Wise Alloys, LLC*, 642 F.3d at 1352. Second, "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted and federal labor-law principles . . . must be employed to resolve the

dispute." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 405–406 (1988); *see also Bartholomew v. AGL Res., Inc.*, 361 F.3d 1333, 1338 (11th Cir. 2004) (holding that when resolution of a state law claim is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, the state-law claim has been preempted").

In Count II, Plaintiff requests vacatur of an arbitration award in an arbitration brought pursuant to the Agreement on the basis that the arbitrator "imperfectly execut[ed] her powers." (Doc. 2 ¶ 28). These "powers" were granted to the arbitrator by the Agreement. Whether or not the arbitrator exceeded the scope of her power under the Agreement is inherently "dependent upon analysis of the terms of an agreement." Thus, the award arises out of a collective bargaining agreement such that the FAA does not apply, and the FRAC is preempted. Accordingly, Defendant is entitled to summary judgment on Count II of the Complaint.

**B.     Count I**

Defendant also seeks summary judgment on Count I of the Complaint, arguing that the Complaint is time-barred and that Plaintiff has not met its burden to obtain vacatur. Plaintiff disagrees and asserts that it is entitled to summary judgment on the issue of vacatur.

*1.     Statute of Limitations*

Defendant argues first that it is entitled to summary judgment on Count I of the Complaint because it is time barred. Section 301 of the LMRA does not contain a statute of limitations. Therefore, in suits brought pursuant to the LMRA in the Eleventh Circuit, Courts "borrow" the three-month statute of limitations from the FAA. *Wise Alloys, LLC*, 642 F.3d at 1354 ("[W]e make explicit today that a three-month limitation period applies to a motion to vacate an arbitration award arising out of collective bargaining agreements."). The FAA states that "[n]otice of a motion to vacate, modify, or correct an award <u>must be served</u> upon the adverse party or his attorney <u>within</u>

three months after the award is filed or delivered." 9 U.S.C. § 12 (emphasis added). The Arbitrator issued her ruling on October 9, 2017. (Doc. 2-6 at 2). Plaintiff filed its Complaint on January 8, 2018, and it was served on Defendant on May 8, 2018. (*See generally* Doc. 2; Summons, Doc. 1-2). Defendant argues that because the suit for vacatur was not served upon it within three months of the award, the claim is time barred.

Defendant is correct that under the FAA this suit would be time barred. However, while the Eleventh Circuit has adopted the three-month statute of limitations to file suit, it has expressly declined to adopt the service requirement. *Am. Postal Workers Union v. U.S. Postal Serv.*, 823 F.2d 466, 476–477 (11th Cir. 1987) ("[T]he requirement of the [FAA] that notice of a motion to vacate be 'served' within three months is not part of the borrowing."); *see also Wise Alloys, LLC*, 642 F.3d at 1354 (explicitly adopting the reasoning of *American Postal Workers* despite that case being brought pursuant to the Postal Reorganization Act and not the LMRA). Thus, because the Complaint was filed—barely—within three months of the arbitration award, the claim is not time barred.

        2.    *Vacatur*

Defendant also argues that it is entitled to summary judgment on Count I of the Complaint because Plaintiff cannot meet its burden of proving sufficient grounds for vacatur. Plaintiff argues that the arbitration award is incomplete, and that federal law supports vacatur in such circumstances. However, Plaintiff has failed to show sufficient grounds to vacate the arbitration award and cannot show that the award is incomplete in the sense that would make vacatur appropriate.

Under the LMRA, "a court may not vacate an arbitral award unless it is irrational, exceeds the scope of the arbitrator's authority, or fails to draw its essence from the collective bargaining

agreement." *Wise Alloys, LLC*, 642 F.3d at 1352–53 (quoting *IMC-Agrico Co. v. Int'l Chem. Workers Council of the United Food & Commercial Workers Union*, 171 F.3d 1322, 1325 (11th Cir. 1999)). "Judicial review of a labor-arbitration decision pursuant to [a collective bargaining] agreement is very limited." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001). As long as an "arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," the Court will not vacate the arbitrator's decision. *Id.* (internal quotations omitted). "It is only when the arbitrator strays from interpretation and application of the agreement and effectively 'dispenses his own brand of industrial justice' that [her] decision may be unenforceable." *Id.* (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)). Here, the Complaint does not assert that the ruling was irrational but contends that the "nutshell" ruling is outside the scope of authority and that it does "not draw [its] essence from the Agreement." (Doc. 2 ¶¶ 22– 23).

*a. Ruling Outside Scope of Arbitrator's Authority*

Two principles guide the Court when seeking to determine whether the Arbitrator has exceeded her broad authority. "The first is that [the Court] must defer entirely to the arbitrator's interpretation of the underlying contract no matter how wrong [the Court] think[s] that interpretation is." *Wiregrass Metal Trades Council AFL-CIO v. Shaw Envtl. & Infrastructure, Inc.*, 837 F.3d 1083, 1087 (11th Cir. 2016). "That means the sole question for [the Court] is whether the arbitrator (even arguably) interpreted the parties' contract, not whether [s]he got its meaning right or wrong. If [the Court] determine[s] that 'the arbitrator (even arguably) interpreted the parties' contract,' [the Court] 'must end [its] inquiry and deny a motion for vacatur.'" *Id.* at 1088 (quoting *S. Commc'ns Servs., Inc. v. Thomas*, 720 F.3d 1352, 1359 (11th Cir. 2013)). The second principle is that "an arbitrator may not ignore the plain language of the contract." *Wiregrass*, 837

F.3d at 1088. "That means an arbitrator may not issue an award that contradicts the express language of the agreement. It also means that an arbitrator may not modify clear and unambiguous contract terms." *Id.* (internal citations removed).

The question before the arbitrator was "[w]hether [Defendant] violated the Agreement by reducing the gratable portion of the [Total Ticket Price] . . ." (Plaintiff's Post-Hearing Brief, Doc. 1-3 at 135). In apparent explanation of her decision that Plaintiff failed to meet its burden of proof, the arbitrator quoted a section of the Agreement entitled "Management Rights." (Doc. 2-6 at 2). Accordingly, the arbitrator "arguably" interpreted the contract. This ends the inquiry. Indeed, the Court is prohibited from continuing the inquiry because Plaintiff has provided no evidence that the arbitrator ignored or modified clear and unambiguous terms of the Agreement. Plaintiff has not met its burden to show that the arbitrator exceeded her authority.

### b. *Essence of Ruling Outside the Agreement*

An arbitrator "issues an award that fails to draw its essence from the collective bargaining agreement that [s]he is interpreting when [s]he issues an award that contradicts the express language of the agreement." *IMC-Agrico Co.*, 171 F.3d at 1325. "Even if an arbitration award clearly contradicts an express term of the [collective bargaining agreement] at issue and the arbitrator clearly erred, the award will not be set aside unless the 'arbitration loser' establishes that the arbitrator recognized a clear rule of law and deliberately ignored it." *Aldred v. Avis Rent-A-Car*, 247 F. App'x 167, 169–70 (11th Cir. 2007). Thus, as stated above, an arbitrator's decision fails to draw essence from the language of the collective bargaining agreement only when "the arbitrator strays from interpretation and application of the agreement and effectively dispenses [her] own brand of industrial justice." *Garvey*, 532 U.S. at 509.

Again, it is undisputed that the arbitrator's ruling cited to a section of the Agreement. This indicates that the decision drew from the essence of the Agreement despite its brevity. And, Plaintiff has presented no evidence to the contrary. The record is completely devoid of any evidence that the arbitrator "recognized a clear rule of law and deliberately ignored it" or that the arbitrator dispensed her "own brand of industrial justice." Plaintiff has failed to meet its burden to show that the October 9, 2017 Decision did not draw its essence from the Agreement.

          c.        *Incomplete Award*

Plaintiff contends that it is entitled to summary judgment on Count I of the Complaint because the Decision is incomplete, and vacatur is appropriate according to federal law in such circumstances. The award is not incomplete in the sense necessary to support vacatur.

"In assessing whether an arbitration award is sufficiently final, courts typically examine the arbitrator's intent and whether significant issues were left outstanding." *IBEW, Local 824 v. Verizon Florida, LLC*, 2015 U.S. Dist. LEXIS 1935, at *14 (M.D. Fla. January 8, 2015). Here, there are no issues left outstanding as the grievance was flatly denied. This is unlike cases where awards are found to be incomplete. For example, arbitration awards are found to be incomplete when an arbitrator holds that back pay shall be awarded but does not declare the methodology to calculate it and does not determine the amount to be awarded. *See Sw. Fla. Area Loc. v. United States Postal Serv.*, No. 2:14-cv-75-FtM-29DNF, 2015 U.S. Dist. LEXIS 24777, at *14 (M.D. Fla. Jan. 14, 2015). That is hardly like the instance before the Court. The Arbitrator here definitively held that Plaintiff did not meet its burden of proof to show the Agreement was violated and denied the grievance. The denial was unequivocal, and no significant issues were left outstanding. Therefore, Plaintiff's request for summary judgment on Count I of the Complaint will be denied, and Defendant's Motion will be granted.

## IV. CONCLUSION

Plaintiff did not meet its burden to show that the arbitration award should be vacated, Plaintiff's claim under the FAA does not apply to this dispute, and Plaintiff's claim under the RFAC is preempted by the LMRA. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment (Doc. 23) is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment (Doc. 25) is **DENIED.**

3. The Clerk is directed to enter judgment for Defendant and against Plaintiff and thereafter close this case.

4. All pending motions are **DENIED as moot.**

**DONE** and **ORDERED** in Orlando, Florida on April 30, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record